## William D. Curtin v. William C. Long.

1. PRACTICE—*What Must be Preserved in a Bill of Exceptions.*—If a party litigant desires to raise the question in the Appellate Court of the refusal of the court below to allow him to argue the case he must not only preserve such action of the court by a proper bill of exceptions but also the fact that he did not argue the case at all.

**Assumpsit,** etc. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### STATEMENT OF THE CASE.

The facts in this case touching which there is no dispute are substantially as follows:

About February, 1892, William D. Curtin and William C. Long, who then were and still are engaged in the livery business (Curtin being also engaged in the undertaking business) in Chicago, began business dealings with each other, Curtin hiring horses and carriages from Long for use in his business. They continued their business relations with each other until September, 1894.

In September, 1894, the business dealings between appellant and appellee were terminated, an account at that time being struck between them, showing a balance of $373 in favor of appellee, payable, as appellant claimed, in carriage service. To recover this balance of $373 appellee brought this suit in the court below, where the appellant set up the defense that in September, 1892, the point of time at which

the course of business dealings between appellee and appellant materially changed, an agreement was made and entered into between him and appellee that the appellant should pay no more cash for carriages furnished him in his business by appellee, and that any carriages thereafter furnished by appellee to appellant should be paid for by appellant in similar service, or " exchange work." Whether or not such an agreement was made in September, 1892, was the only disputed fact, and furnished the only question tried below.

At the trial a jury was waived and the case submitted to the court below for trial. It is said by appellant that after the evidence was all in, the defendant's counsel requested to be heard in argument to the court in the cause, and upon the evidence therein, and that the court below refused to hear defendant's counsel in argument in the cause, and found the issues in favor of the plaintiff, and assessed his damages at $373, and entered judgment therefor.

JOHN W. WALSH, attorney for appellant.

BASTRUP & O'NEILL, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

We have examined the record of this cause, and find no sufficient reason for reversing the finding of the trial court upon the merits.

From the bill of exceptions, the testimony of a Mr. Long appears to have been the last evidence introduced upon the trial. The last question to and answer by him was:

" Q. That was all?  A.  Yes, sir."

What argument by counsel, if any, followed or was made upon the trial, does not appear.

The bill of exceptions is in the ordinary form, and like almost all such bills, fails to show whether counsel did or did not argue the cause, before the expression of opinion by the court that appellant had not sustained his defense.

After such expression by the court, the following took place:

Mr. Walsh: "I would like to say something in this matter."

The Court: "I don't want to hear it." (Whereupon the counsel for defendant took exception to the ruling in reference to hearing him in argument in the cause.) "I find for the plaintiff for $373."

So far as appears, counsel had before been heard, and the mind of the court was fixed.

We see no sufficient reason for thinking that injustice has been done, or that the court could have been induced to change its finding by any argument of counsel.

The judgment of the Circuit Court is affirmed.